PONDER, Judge,
dissenting.
I do not construe the provision for the settlement of any claim as the insuror deems expedient as giving to the insuror the power to bind without approval the City of Baton Rouge and the Parish of East Baton Rouge to pay $10,000.00 toward the settlement of any claim. It is much more consistent with insurance practice and the realities of municipal government to construe the provision as allowing the insurance company to negotiate a settlement and then get the approval and the contribution of the City-Parish. While the contribution of $10,000.00 by the City-Parish is considerably less than the amount required of the insuror, $65,000.00, that disparity has no legal effect: if the insuror can settle a $75,000.00 claim, it can also settle a $10,-500.00 claim.
As a matter of fact, the provision of the endorsement that $10,000.00 shall be deducted from the settlement leads me to believe that the insuror’s power was not intended to extend to being able to pay the entire amount of the settlement and then requiring the City-Parish to reimburse it.
Even if the provision of the policy be construed as the majority does, I regard it as being against public policy in that a legislative function would have been ceded to an insuror.
I agree with the evident finding of the majority that the Assistant Parish Attorney had no authority to bind the Council. At any rate whether or not he approved the settlement for the Council is disputed.
I would therefore reverse the summary judgment and remand the case.
I dissent.